UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SHEEVA AFSHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-3397 (APM) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF STATE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

**I.**

Pro se Plaintiff Sheeva Afshan seeks a writ of mandamus to compel Defendants to adjudicate her visitor visa application within the "reasonable time" prescribed by Section 555(b) of the Administrative Procedure Act ("APA"). Defendants move to dismiss. *See* Defs.' Mot. to Dismiss, ECF No. 9 [hereinafter Defs.' Mot.]. For the reasons that follow, the court grants Defendants' motion.

**II.**

Plaintiff, a British citizen and resident of the United Kingdom, seeks a B1/B2 non-immigrant visa to visit her family in the United States. Compl., ECF No. 1 [hereinafter Compl.], at 2–4; Compl., Ex. A, ECF No. 1-1, at 1. After Plaintiff filed her visa application and attended an interview at the U.S. Embassy in London, the consular officer refused her application and placed it into administrative processing. Compl. at 2; Compl., Ex. G, ECF No. 1-1 [hereinafter Ex. G], at 7. As of the filing of Plaintiff's complaint, Defendants had taken no further action on her application for over 180 days. Compl. at 2. This alleged delay has caused Plaintiff significant

emotional and financial harm. *Id.* at 2–4. Plaintiff now asks the court to compel Defendants to render a timely decision. *See id.* at 6.

### III.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. On a motion to dismiss for lack of subject matter jurisdiction, the court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (internal quotation marks omitted). The burden of establishing jurisdiction thus "rests upon the party asserting [it]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In evaluating a Rule 12(b)(1) motion, the court must accept any "well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court need not, however, "assume the truth of legal conclusions . . . nor . . . accept inferences that are unsupported by the facts set out in the complaint." *Arpaio*, 797 F.3d at 19 (internal quotation marks and citation omitted).

### IV.

To state a claim for unreasonable delay under the APA, a plaintiff must plausibly allege that (1) "the agency failed to take a discrete action that it is required to take" and (2) "the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (internal quotation marks omitted). Defendants move to dismiss on three grounds: (1) there is no required discrete agency action after refusing Plaintiff's application, (2) Plaintiff's claims are

2

barred by the doctrine of consular non-reviewability, and (3) Plaintiff fails to state a claim for unreasonable delay. *See* Defs.' Mot. at 4–19. The court dismisses the claim on the first and third grounds.

### A.     Clear Non-Discretionary Duty

Plaintiff argues Defendants have a clear, non-discretionary duty to further act on her application "within a reasonable timeframe" pursuant to Section 555(b) of the APA. Compl. at 1; 5 U.S.C. § 555(b). The D.C. Circuit, however, rejected this very argument in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024).[1] The Circuit explained that Section 555(b) "simply expresses a congressional view that agencies should act within reasonable time frames." *Id.* at *3 (internal quotation marks omitted). It does not "plainly define and place upon consular officers a crystal-clear legal duty after they have adjudicated a visa application to then forgo any potentially beneficial follow-on administrative processing." *Id.* (internal quotation marks and citations omitted). In other words, Section 555(b) is a "non-specific directive" that does not clearly require a consular officer to "re-adjudicate [an] already-refused application" like Plaintiff's. *Id.* Plaintiff does not offer any other source of law that might create this non-discretionary duty. *See Shaheen v. Rubio*, No. 25-cv-1186 (APM), 2025 WL 3030123, at *1 (D.D.C. Oct. 30, 2025) (declining to dismiss based on *Karimova* when the plaintiff identified other grounds creating a non-discretionary legal duty). Plaintiff therefore fails to establish a discrete legal duty that Defendants are required to fulfill.

---

[1] This court has previously acknowledged the split among judges of this District as to whether *Karimova* is precedential authority that binds lower courts. *See Berimiasl v. Bondi*, No. 24-cv-3284 (APM), 2025 WL 2709771, at *1 (D.D.C. Sept. 23, 2025). But as in *Berimiasal*, the court believes that, even if not precedential, *Karimova* has "persuasive force" when, as here, the sole grounds that a visa applicant identifies for a discrete legal duty is Section 555(b). *See id.*

Plaintiff responds that because the agency "reengaged" her after refusal by requesting additional documents for administrative processing, her visa application "remained active," creating a new discrete duty to act.[2]  Pl.'s Opp'n to Defs.' Mot., ECF No. 15 [hereinafter Pl.'s Opp'n], at 2.  But here too, *Karimova* is instructive.  The D.C. Circuit reasoned that "Section 555(b) does not in any way dictate how the agency can handle [an applicant's] rejected paperwork after a decision has been made," even if the consul "hold[s] onto the application in case circumstances later change in the applicant's favor."  *Karimova*, 2024 WL 3517852, at *4.  For the time being, Plaintiff's application remains refused, Ex. G, and the consular officer has no clear duty to act under Section 555(b).

### B. Unreasonable Delay

Even if there exists a clear legal duty for the consular officer to act, Plaintiff has failed to show that the delay in processing is unreasonable.  The court looks at six well-established factors to determine whether an agency's delay is unreasonable:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

---

[2] Plaintiff additionally cites the Foreign Affairs Manual to argue that a "refusal is non-final if further evidence is requested."  Pl.'s Opp'n at 6.  However, the cited section of the manual pertains to *immigrant* visas, not non-immigrant visas like Plaintiff's.  *See* 9 FAM § 504.1.  And to the extent the cited section is relevant, it does not appear to support Plaintiff's position.  *See Karimova*, 2024 WL 3517852, at *2 (discussing the FAM and stating that, "unless and until" administrative processing is *completed* and the application re-opened, "the visa application remains officially refused").

4

*Telecomms. Rsch. & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984) (internal quotation marks and citations omitted).  "The first two factors are often considered together," *Pourabdollah v. Blinken*, No. 23-cv-1603 (DLF), 2024 WL 474523, at *7 (D.D.C. Feb. 7, 2024), and the first factor is the "most important," *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).  The fourth factor also often carries substantial weight.  *See Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C 2020).  Accordingly, the court will begin its analysis with these factors.

*First and Second Factors.* Congress has not provided a mandatory timetable for processing non-immigrant visitor visas.  *See Schneeberger Inc. v. U.S. Dep't of State*, No. 24-cv-00988 (AHA), 2025 WL 2239271, at *4 (D.D.C. Aug. 6, 2025).  But "courts in this jurisdiction have regularly found that the Government applies a 'rule of reason' to the review of visa petitions" by maintaining a first-in, first-out system for visa processing.  *Fakhimi v. Dep't of State*, No. 23-cv-1127 (CKK), 2023 WL 6976073, at *8 (D.D.C. Oct. 23, 2023).  Indeed, Defendants in this case have supplied this widely accepted rule of reason by noting the agency's queue-based approach. *See* Defs.' Mot. at 16–17.

The court looks then "to the length of the delay as a rough yardstick to determine whether that rule is, in fact, being applied." *Fakhimi*, 2023 WL 6976073, at *8.  Plaintiff filed her complaint around six months after the consular officer placed her application in administrative processing. Compl. at 1.  At the time of this opinion, her application has been in administrative processing for a little over 21 months.  *See e.g.*, *Niyomwungere v. Blinken*, No. 24-cv-1990 (APM), 2024 WL 5075827, at *4 (D.D.C. Dec. 11, 2024) (considering the length of the delay as the time between the last agency action and the date of the opinion); *Pourabdollah*, 2024 WL 474523, at *7 (same). Courts in this District have consistently deemed delays longer than Plaintiff's to be reasonable.

5

*See Sarlak v. Pompeo*, No. 20-cv-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (collecting cases). "[C]ourts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (internal quotation marks omitted). The delay in Plaintiff's case falls squarely on the reasonable side of the spectrum.

    Plaintiff contends that the delay is unreasonable due to the straightforward nature of her visa application. *See* Compl. at 2; Pl.'s Opp'n at 3, 9. While it is true that "the complexity of the task at hand" helps determine whether an agency's timeline has satisfied a rule of reason, this consideration is weighed relative to the length of the delay. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Even assuming that the administrative processing of her visa is as simple as Plaintiff claims, as discussed above, the length of the delay in this case is not unreasonably prolonged. Thus, the first two factors weigh in favor of Defendants.

    *Fourth Factor.* The fourth *TRAC* factor considers the "effect of expediting delayed action on agency activities of a high or competing priority." *TRAC*, 750 F.2d at 80. The competing priorities here are other visa applications subject to first-in, first-out processing. *See* Defs.' Mot. at 16–17. The D.C. Circuit in *Da Costa v. Immigration Investor Program Office* weighed this factor in favor of the government, as "moving [p]laintiffs' petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the [agency's] backlog." 80 F.4th at 343. By seeking to compel agency action, Plaintiff hopes to do the same in this case: move herself to the front of the line. *See* Defs.' Mot. at 16. The court cannot require Defendants to do so at the expense of other applicants. *See Da Costa*, 80 F.4th at 343–44.

    Plaintiff argues that she is not asking to be moved to the front of the line, but only to have her application processed in a timely manner. *See* Pl.'s Opp'n at 5. This argument falls flat.

To compel Defendants to process Plaintiff's application any faster would necessarily require the agency to move her application ahead of others. *See Da Costa*, 80 F.4th at 343 ("Plaintiffs' argument that granting relief would not prejudice other applicants rests on wishful thinking about how the [agency's] adjudication system works."). The fourth factor therefore weighs in favor of Defendants.

*Third and Fifth Factors.* The third and fifth factors overlap, requiring the court consider the "nature and extent of the interests prejudiced by delay," including whether "human health and welfare are at stake." *TRAC*, 750 F.2d at 80.

Plaintiff alleges the delay has caused her emotional and financial harms, including "heightened anxiety and emotional distress caused by the uncertainty of the situation," and the financial repercussions of missing a non-refundable trip. Compl. at 2–4. Additionally, Defendants' "delay prevented Plaintiff from accompanying her husband and daughters on their planned trip," a trip she hoped to share with her family. Pl.'s Opp'n at 5. This court does not take lightly the separation of family due to government inaction. However, this factor does not weigh heavily in favor of the plaintiff when the proposed agency action would pass on similar harms to others. *See, e.g.*, *Akter v. Rubio*, 805 F. Supp. 3d 37, 47 (D.D.C. 2025); *Niyomwungere*, 2024 WL 5075827, at *5. Once again, the court will not compel Defendants to process Plaintiff's application more quickly at the expense of other visa applicants.

*Sixth Factor.* The sixth factor reminds the court that it "need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

7

*TRAC*, 750 F.2d at 80 (internal quotation marks omitted).  Because Plaintiff does not allege that Defendants acted with impropriety or bad faith, this factor is neutral.[3]  *See* Pl.'s Opp'n at 6.

After weighing all the *TRAC* factors, this court finds that Plaintiff has failed to state a claim for unreasonable delay.

### C. Due Process Claim

Finally, Plaintiff nods to a due process claim in passing.  Compl. at 5; Pl.'s Opp'n at 7.  Relying on *Kerry v. Din*, 576 U.S. 86 (2015), Plaintiff cites "a liberty interest in travel and family unity."[4]  Pl.'s Opp'n. at 7.  However, even setting aside the Court's fracture on the merits, *Kerry* is inapposite.  *Kerry* evaluated the rights of a visa applicant's citizen-spouse, not the applicant himself.  *See* 576 U.S. at 88.  From the outset, the Court stated that the applicant had "no right of entry into the United States."  *Id.*  Courts in this District have reached the same conclusion, ruling that "[a] noncitizen does not have a right to a visa, or a constitutionally protected interest in the procedures by which such visas are obtained."  *Khan v. Bitter*, No. 23-cv-1576 (BAH), 2024 WL 756643, at *8 (D.D.C. Feb. 23, 2024) (internal quotation marks and citations omitted).  Plaintiff accordingly has not been denied any substantive or procedural due process rights because of the delay in her visa application's processing.

### V.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 9, is granted.  A final, appealable order accompanies this Memorandum Opinion.

---

[3] Plaintiff cites "*Rudra v. U.S. Dep't of State*, 2023 WL 4533744, at 4 (D.D.C. 2023)" for the proposition that "persistent silence, lack of engagement, and refusal to provide basic updates can tip this factor in favor of the applicant." Pl.'s Opp'n at 6. No such case seems to exist.

[4] In her complaint, Plaintiff also references "*Serrano v. U.S. Attorney General*" without a citation. Compl. at 5. The court could not identify a similarly named case that addresses the due process implications of visa processing delays.

Date: February 26, 2026

                                                    Amit P. Mehta
                                                   United States District Judge